UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ZEEG RASHIDI,

Petitioner,

v.

TODD BLANCHE, et al.,

Respondents.

Case No. 2:26-cv-02014-TMC

ORDER GRANTING PETITION FOR
WRIT OF HABEAS CORPUS

## I.   INTRODUCTION

Petitioner Zeeg Rashidi is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 6. He petitions the Court under 28 U.S.C. § 2241 for relief from physical custody, arguing that his detention has become indefinite in violation of the Immigration and Nationality Act ("INA"). *Id.* For the reasons set forth below, the Court GRANTS the petition.

## II.   BACKGROUND

Petitioner is a citizen of Afghanistan who has previously lived in the United Kingdom. Dkt. 6 at 7; Dkt. 12 ¶ 4. In March 2023, the United Kingdom issued Petitioner a travel document, which expires in January 2028. Dkt. 12 ¶ 5.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 1

On December 13, 2023, Petitioner entered the United States without inspection from Mexico and was apprehended by a United States Border Patrol ("USBP") officer that same day. Dkt. 6 at 3; Dkt. 12 ¶¶ 7–8; Dkt. 13-3 at 2. The next day, he was released on his own recognizance from immigration custody, after which he resided with his brother in California. Dkt. 6 at 3; Dkt. 12 ¶ 11; Dkt. 13-4.

Petitioner then applied for asylum and withholding of removal to Afghanistan. Dkt. 12 ¶¶ 12–13. On June 13, 2025, an Immigration Judge ("IJ") denied Petitioner's application for asylum. Dkt. 13-5 at 2. The IJ ordered Petitioner removed to Afghanistan but granted withholding of removal. *Id.* at 2–4.

On December 5, 2025, USBP officers re-detained Petitioner in Blaine, Washington. Dkt. 12 ¶ 15; Dkt. 13-6 at 4. The next day, he was transferred to NWIPC, where he remains detained. Dkt. 12 ¶ 15; Dkt. 6 at 7.

Petitioner avers that he has requested removal to Canada or to the United Kingdom. Dkt. 6 at 7. The Canadian Embassy has notified United States Immigration and Customs Enforcement ("ICE") that it will not accept Petitioner. Dkt. 12 ¶¶ 17–18. On December 30, 2025, ICE requested Petitioner's travel document from the United Kingdom Consulate, which sent a scan of the document in April 2026. *Id.* ¶¶ 20–22. ICE has not obtained a physical copy of Petitioner's travel document. *Id.* ¶¶ 23–25. Petitioner's brother, who has been coordinating with ICE regarding Petitioner's travel document, has filed a declaration stating that the travel document was stolen from Petitioner while he was in Mexico, and that before his detention in December, Petitioner had been in contact with United Kingdom authorities to obtain a new one. Dkt. 15 ¶¶ 5–6, 9. Emails attached to the declaration of Petitioner's brother support this account, and show that before he was detained, Petitioner had been working diligently to return to the United Kingdom on his own. *See* Dkts. 15-2, 15-3.

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 2

On June 11, 2026, Petitioner filed a petition for writ of habeas corpus seeking immediate release from custody and injunctive relief from punitive removal to a third country. Dkt. 6. On June 25, Federal Respondents filed a return, and on July 2, Petitioner filed a traverse. Dkts. 11, 14. The habeas petition is now ripe for the Court's review.

### III.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

In *Zadvydas v. Davis*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. 678, 699 (2001). Applying the doctrine of constitutional avoidance, the Court explained that such an interpretation was necessary "to avoid a serious constitutional threat." *Id.* As the Court recognized, "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem [under] . . . [t]he Fifth Amendment's Due Process Clause." *Id.* at 690. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* The Court concluded that, "once removal is no longer reasonably foreseeable, continued detention is no longer authorized by statute." *Id.* at 699. The "presumptively reasonable" period for detention following a removal order is six months. *Id.* at 701.

Additionally, the federal courts have "long recognized the existence of an implied cause of action through which plaintiffs may seek equitable relief to remedy a constitutional violation." *Roman v. Wolf*, 977 F.3d 935, 941 (9th Cir. 2020). A plaintiff seeking a permanent injunction

must demonstrate (1) that he has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). To demonstrate that ongoing relief is needed, the party seeking a permanent injunction must establish "some cognizable danger of recurrent violation, something more than the mere possibility which serves to keep the case alive." *Cummings v. Connell*, 316 F.3d 886, 897 (9th Cir. 2003) (quoting *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953)). "Once a [constitutional] right and a violation have been shown, the scope of a district court's equitable powers to remedy past wrongs is broad, for breadth and flexibility are inherent in equitable remedies." *Roman*, 977 F.3d at 942 (quoting *Swann v. Charlotte-Mecklenburg Bd. of Educ.*, 402 U.S. 1, 15 (1971)).

## IV.    DISCUSSION

Petitioner argues that his detention has become indefinite because there is no significant likelihood of his removal to Afghanistan, Canada, or the United Kingdom in the reasonably foreseeable future. Dkt. 6 at 8–9. He also claims that Respondents have engaged in a scheme of punitive removal to third countries "without providing fair notice and an opportunity to contest the removal in immigration court." *Id*. at 17–21. Petitioner asks that the Court release him from custody and enjoin Respondents from re-detaining him or removing him to a third country without certain procedural protections. *Id*. at 27–28.

Federal Respondents contend that removal to the United Kingdom is reasonably foreseeable, as "[t]he only material obstacle to prompt removal is Petitioner's failure to provide the physical [travel] document in his or his family's possession." Dkt. 11 at 7–9. They argue that Petitioner's ongoing detention is due solely to Petitioner's own failure to disclose the existence

of his United Kingdom travel document during his removal proceedings, as well as his lack of cooperation with ICE's current removal efforts. *Id.* at 8–9. They also oppose Petitioner's requests for injunctive relief against third-country removal, arguing that these claims lack merit and are not properly brought in this action. *Id.* at 11–12.

### A.    Petitioner's detention has become indefinite.

Petitioner is a noncitizen detained within the United States for over seven months. *See* Dkt. 6 at 7. He is entitled to the protections of the Due Process Clause. *See Zadvydas*, 533 U.S. at 693. Having been detained already for nearly eight months after an IJ ordered his removal, Petitioner's continued detention is not "presumptively reasonable." *Zadvydas*, 533 U.S. at 701. Petitioner cannot be removed to Afghanistan, Canada has declined to accept him, and ICE has not obtained his travel document from the United Kingdom; together, these circumstances "provide[] good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Zadvydas*, 533 U.S. at 701.

Federal Respondents grossly misstate the record when they contend that it is Petitioner's lack of cooperation that has delayed his removal to the United Kingdom. After Petitioner was re-detained in December 2025, he informed ICE that he had been issued a travel document to the United Kingdom and requested removal to that country. Dkt. 12 ¶ 19. And Petitioner's brother attests that in April 2026, he emailed ICE and NWIPC representatives copies of correspondence between Petitioner and United Kingdom authorities attempting to secure a new travel document so that he could return on his own before he was detained. Dkt. 15 ¶¶ 6–10; Dkt. 15-2; Dkt. 15-3. The record does not reflect that Petitioner misrepresented his status in the United Kingdom or "refuse[d] to cooperate fully and honestly" with ICE's removal efforts. *Lema v. I.N.S.*, 341 F.3d 853, 856 (9th Cir. 2003). Nor does Petitioner "control[] the clock" of his own detention, as he continues to await a new physical document from the United Kingdom, which has so far not

provided one. *Pelich v. I.N.S.*, 329 F.3d 1057, 1060 (9th Cir. 2003). Petitioner has thus met his burden of showing that removal is not reasonably foreseeable.

Once Petitioner has made that showing, the burden shifts to the government to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701. Federal Respondents have not met that burden here, as they have offered no "specific timeline or estimate for removal" to the United Kingdom. *See Hagos v. Blanche*, No. 2:26-CV-01513-TLF, 2026 WL 1905861, at *3 (W.D. Wash. July 2, 2026); *Saadhom v. Bondi*, --- F. Supp. 3d ----, No. 2:26-CV-00425-TL, 2026 WL 698786, at *5 (W.D. Wash. Mar. 12, 2026) ("Respondents assert that they have submitted travel document requests to Canada, Panama, and Costa Rica, but they are silent as to whether they have heard back from those countries. . . . Respondents admit there is no specific date of anticipated removal, despite [Petitioner's] final removal order having been entered over nine months ago. These efforts do not make removal reasonably foreseeable." (citation omitted)); *Edin v. Blanche*, No. C26-1208-MLP, 2026 WL 1256141, at *4 (W.D. Wash. May 7, 2026) (concluding that removal was not reasonably foreseeable where it had "been over three months since ICE submitted Petitioner's [passport] application, and two months since his embassy interview, with no indication that the application has been accepted, processed, or approved").

It may be that Federal Respondents will eventually obtain the documents necessary to remove Petitioner to the United Kingdom. The evidence suggests Petitioner will cooperate in that effort, whether he awaits removal while in detention or in the community. But right now, there is no reasonably foreseeable timeline for that outcome, and no end in sight to Petitioner's detention. That is the definition of indefinite. Because the government has failed to rebut Petitioner's

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 6

showing that his detention has become indefinite, the Court GRANTS the petition for writ of habeas corpus.[1]

**B.    The Court denies Petitioner's requests for further injunctive relief.**

*1.    Petitioner has not shown that he is at risk of removal to a third country.*

In addition to his immediate release on his habeas petition, Petitioner asks the Court to restrict Respondents' ability to remove him to an unknown third country. Dkt. 6 at 24–27. Specifically, Petitioner requests an "[o]rder that Respondents may not remove or seek to remove Petitioner to a third country without notice and meaningful opportunity to respond in compliance with the [INA] and due process in reopened removal proceedings." *Id*. at 28. He argues that such an order is necessary because "Respondents have developed and implemented a policy and practice of removing individuals to third countries, without first following the procedures in the INA for designation and removal to a third country and without providing fair notice and an opportunity to contest the removal in immigration court." *Id*. at 17.

The Court notes that under Ninth Circuit precedent—which binds Federal Respondents in this circuit—due process requires ICE to "notify individuals who are subject to deportation that they have the right to apply for asylum in the United States and for withholding of deportation to the country to which they will be deported" before deportation to a country not listed in the removal order. *Ibarra-Perez v. United States*, 154 F.4th 989, 995 (9th Cir. 2025) (quoting *Andriasian v. I.N.S.*, 180 F.3d 1033, 1041 (9th Cir. 1999)). But for the purpose of permanent injunctive relief, although the petition contains legal argument challenging the government's third-country removal policies, it does not explain why *Petitioner* faces an individual likelihood

---

[1] Because the Court grants habeas relief on this basis, the Court does not consider Petitioner's arguments that his re-detention violated his due process rights or that the government has violated 8 C.F.R. § 241.13. Dkt. 6 at 23–24; Dkt. 11 at 9–11.

of removal under those policies at this time. *See id*. at 14–21. While every noncitizen with a final removal order faces a possibility that the government will seek third-country removal, the law does not allow permanent injunctive relief on that basis. The Court cannot conclude that "without an injunction, Petitioner faces a likelihood of removal to a third country with no meaningful opportunity to challenge that decision." *Nguyen v. Scott*, 796 F. Supp. 3d 703, 737 (W.D. Wash. 2025).

Petitioner also asks the Court to "[o]rder that Respondents may not remove Petitioner to any third country where he is likely to face imprisonment or other punishment upon arrival." Dkt. 6 at 28. This request fails for similar reasons. Although Petitioner describes other instances of punitive third-country deportations, *see id.* at 19–20, he has not established a personal "cognizable danger" of removal to a third country where he is likely to face imprisonment or other punishment. *Cummings*, 316 F.3d at 897. These requests for injunctive relief are therefore DENIED.

**2.      *Petitioner is not entitled to further protections against re-detention.***

Petitioner also requests an order that the government may not re-detain him unless it (1) holds a pre-deprivation hearing; (2) obtains a valid travel document to a third country; (3) provides the travel document to him and his counsel; and (4) offers him the opportunity to challenge the third country removal. Dkt. 6 at 28. But the record does not contain sufficient argument or authority to establish that the Due Process Clause will be violated in the absence of these specific procedures, particularly when any effort to re-detain Petitioner would be governed by the regulations set forth in 8 C.F.R. § 241.13. *See id.* at 12–13 (acknowledging that § 241.13 governs revocation of release for noncitizens subject to a final order of removal). The Court therefore DENIES these requests for injunctive relief. The Court also notes that, once he is

released from custody based on this order, Petitioner may once again undertake his own effort to assist in securing his travel documents for return to the United Kingdom.

## V.    CONCLUSION

For the foregoing reasons, the Court GRANTS the petition for writ of habeas corpus but DENIES Petitioner's request for further injunctive relief without prejudice. Dkt. 6.

1.    Respondents are ORDERED to release Petitioner Zeeg Rashidi from custody[2] within ONE day of this Order.

2.    Counsel for Respondents shall submit a status report to the Court by the end of the day on July 27, 2026 confirming Petitioner's release.

Dated this 24th day of July, 2026.

Tiffany M. Cartwright
United States District Judge

---

[2] Subject to reasonable terms of supervision set forth in 8 U.S.C. § 1231(a)(3). *See* 8 U.S.C. § 1231(a)(6) ("[I]f released, [a noncitizen ordered removed] shall be subject to the terms of supervision in paragraph (3))."

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 9